UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHESAPEAKE LOUISIANA, LP     CIVIL ACTION NO. 09-cv-0370

VERSUS     JUDGE WALTER

CREAMER PROPERTY     MAGISTRATE JUDGE HORNSBY
MANAGEMENT, LLC, ET AL

**MEMORANDUM ORDER**

Chesapeake Louisiana, LP filed this civil action based on an assertion of diversity jurisdiction, so it bears the burden of alleging facts that demonstrate the existence of subject-matter jurisdiction. Chesapeake alleges an adequate amount in controversy, and it describes its own citizenship in accordance with the rules that are applicable to limited partnerships. Chesapeake also properly alleges that individual defendant Robert N. Creamer is domiciled in Louisiana, which makes him a citizen of Louisiana for diversity purposes.

Chesapeake has not, however, properly alleged the citizenship of Creamer Property Management, LLC to permit a determination of whether there is subject-matter jurisdiction. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however

many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was recently demonstrated by Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the citizenship of which is determined by the same rules applicable to an LLC. The Mullins opinion also makes clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient.

This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in cases such as Howery v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead its principal place of business when in district court and Elliot v. Tilton, 62 F.3d 725, 729 (5th Cir. 1995) (vacating judgment and chastising district court for not engaging in this kind of inquiry early in the case).

Chesapeake will need to file an amended complaint, seeking leave if then necessary under Rule 15, to plead with specificity the citizenship of the LLC defendant. The LLC has not appeared as yet, and it is likely that Chesapeake will not have access to the membership information through public records or other readily available sources. The membership

information is ordinarily furnished voluntarily by parties in similar situations. In the event the LLC does not furnish the information voluntarily, Chesapeake is granted leave of court to conduct discovery regarding the citizenship issue, commencing with the appearance of the LLC defendant in this case. Chesapeake will be permitted 45 days from the appearance of the LLC to gather the citizenship information and file an amended complaint that states the citizenship of all relevant parties with specificity.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of March, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE